IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **TAMMIE HILL, et al.,** | CASE NO. 3:17-cv-0678 |
| PLAINTIFFS | JUDGE WILLIAM L. CAMPBELL, JR.<br>MAGISTRATE JEFFERY S. FRENSLEY |
| - VS. - | |
| WINNEBAGO INDUSTRIES, INC. | PLAINTIFFS' SURREPLY BRIEF IN<br>OPPOSITION TO DEFENDANT'S |
| DEFENDANT | MOTION FOR SUMMARY JUDGMENT |

Now comes Plaintiffs, Mr. and Mrs. Hill, and submit this surreply brief in opposition to Defendant's Motion for Summary Judgment.

In support of its motion, Defendant submitted the United States District Court for the District of Colorado's recent decision in *Platt v. Winnebago Industries, Inc.* However, as explained below, *Platt* is factually distinguishable from the case at bar.

In *Platt v. Winnebago Industries, Inc.*, the Platts purchased a 2016 Winnebago Era RV from Lazydays RV in Florida. *Platt*, pg. 2. Unlike this case, at the time of the purchase Mr. Platt signed a Warranty Registration Card which acknowledged he had been given and read a copy of the Winnebago Warranty. *Platt*, pg. 4. Because of the its many defects, the RV was at Camping World RV for a total of ninety-one days for repairs, but the dealer was unable to repair it. *Platt*, pg. 4. After the failed repair attempts, the Platts spoke with Winnebago by telephone on three separate occasions, and eventually scheduled an appointment to take the RV to the Winnebago factory for repairs during the third call. *Platt*, pg. 4-5. After the factory repair was scheduled, the Platts provided Winnebago with written

"notice" of the RV's defects and dealer dissatisfaction, which presented Winnebago with its "opportunity" to respond. *Platt*, pg. 5. In accepting the opportunity and responding, Winnebago offered to repair the RV at its factory on multiple occasions; once in a settlement letter for all claims and twice after the lawsuit had been filed. *Platt*, pg. 5. Upon receipt of the settlement letter, the Platts canceled the factory appointment and filed suit. *Platt*, pg. 5. Because Platts never took the RV to another authorized service center after giving Winnebago written notice, and because Platts cancelled their appointment at the Winnebago factory, the Court held that they failed to follow the warranty's repair procedures. *Platt*, pg. 8-9.

In this case, Mr. and Mrs. Hill did not sign a Warranty Registration Card certifying that they had received and read the Winnebago Warranty – instead they did not get the Winnebago warranty, with its built-in exclusionary terms and limitations, until sometime after the purchase was completed. D. Hill Depo., P111, L2-13. And, when the Hills provided Winnebago with their written notice opportunity letter on October 17, 2016, Winnebago accepted the opportunity by instructing the Hills to contact Winnebago's authorized dealer for repairs, which Mr. and Mrs. Hill did that same day. October 2016 Written Notice (Exhibit 13); Aff. D. Hill (Exhibit 1).

Mr. and Mrs. Hill again provided Winnebago with a written notice opportunity letter on December 16, 2016, and even asked Winnebago to take back the RV and give them their money back. December 2016 Written Notice (Exhibit 14); Aff. D. Hill (Exhibit 1). This time Winnebago accepted the opportunity by simply advising Mr. and Mrs. Hill that it had "investigated" the matter and that "the delay" had been caused by Winnebago's authorized

2

dealer, and that Winnebago would let the Hills know if it "heard anything further" from its authorized dealer. December 2016 Written Notice (Exhibit 14); Aff. D. Hill (Exhibit 1).

Thereafter, Winnebago refused to cover the cost of repair or replacement of the flooring defect under its own warranty, because Winnebago decided that the prior repair done by its authorized dealer under the Winnebago Warranty was substandard. D. Hill Depo., P93, L18-23; S. Mary Depo, P80, L24-P84, L6; CW Repair Order 12449 (Exhibit 12). This was the Winnebago decision even though there is no exclusion permitting such in the Winnebago warranty.

The key factual differences between the *Platt* case and this case are clear and determinative.

First, while the Platts signed a warranty registration card certifying that they had received a copy of the Winnebago Warranty and had read it, in this case the Hills did not. In fact, in this case Mr. and Mrs. Hill were not given the warranty prior to or at the sale and did not even get a copy of the warranty until after they had purchased the RV. Thus, there could not have been any meeting of the minds regarding what Winnebago now asserts to be its warranty's "notification procedures" in the written warranty.

Second, the court in *Platt* took issue with the Platts' failure to return the RV to another Winnebago authorized dealer after sending written notice to Winnebago. Here, however, when the Hills provided Winnebago with a written notice opportunity regarding the RV's defects and the Winnebago authorized dealer's failed repair attempts on October 17, 2016. In accepting the opportunity Winnebago responded by specifically instructing Mr. and Mrs. Hill to return to its Winnebago authorized dealer, Camping World. Certainly the Hills cannot be expected to have acted inconsistently with Winnebago's direct instructions

3

and take the RV to a different Winnebago dealer than the one which was the authorized Winnebago dealer for them to go to. In fact, in so instructing, Winnebago certainly waived any right it may have had to require Mr. and Mrs. Hill to take the RV to a different authorized dealer than the one Winnebago sent them to. Winnebago can not tell Mr. and Mrs. Hill to act contrary to the warranty and then be heard to complain about it.

Third, the court in *Platt* took issue with the Platts' cancellation of the scheduled factory repair attempt after the Platts had sent their written notice to Winnebago, stating that Winnebago made multiple offers to repair the RV at the factory. In this case, however, Winnebago never asked or offered to repair the RV at the Winnebago factory. In fact, Winnebago actually refused to repair the flooring defect under the Winnebago Warranty after the Mr. and Mrs. Hill sent their second written notice opportunity to Winnebago, even though the flooring repair should have been covered under the terms of the Winnebago Warranty. Winnebago covered the flooring repair under its warranty on the earlier repair attempt but then refused to cover it when its own authorized dealer failed to do the repair right. If anyone failed to follow the terms of the Winnebago Warranty, it was Winnebago itself. And, certainly the Mr. and Mrs. Hill could not force Winnebago to repair the RV at their factory in the face of its warranty repair refusal.

Therefore, *Platt* is factually distinguishable from the case at bar, and does not support Defendant Winnebago's arguments.

Thus, Mr. and Mrs. Hill complied with all "notification procedures" contained in the Winnebago Warranty, even though they did not know about them during or prior to the completion of the Rv purchase. Mr and Mrs Hill gave Winnebago several notices and opportunities and it was Winnebago who did not take the opportunity when it had it.

4

Alternatively, Mr. and Mrs. Hill were not required to resort to the "notification procedures" contained in the Winnebago Warranty since it was not part of the bargain when the Rv was purchased.

Either way, reasonable minds could conclude that Mr. and Mrs. Hill's claims are not barred by failure to follow "notification procedures" contained in Winnebago's Warranty.

Respectfully submitted,

/s/ Ronald L. Burdge_____
RONALD L. BURDGE
Attorney for Plaintiffs Pro Hac
8250 Washington Village Drive
Dayton, Ohio 45458-1850
Telephone:   937.432.9500
Email:       Ron@BurdgeLaw.com

Brent S. Snyder
Attorney for Plaintiffs
2125 Middlebrook Pike
Knoxville, TN 37921
Telephone:   865.546.2141
Email:       brentsnyder77@gmail.com

## CERTIFICATION OF SERVICE

This will certify that a true and accurate copy of Plaintiffs' *Memorandum in Opposition to Defendant's Motion for Summary Judgment* was served upon Benjamin Reese & Kaley Bell, Leitner, Williams, Dooley & Napolitan, PLLC, 200 W Martin Luther King Boulevard, Chattanooga TN 37402, counsel for Defendant Winnebago, on October 5, 2018, electronically by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Ronald L. Burdge_____
RONALD L. BURDGE   Pro Hac
Attorney for Plaintiffs

Z:\data\Hill, Tammie\Etc\Winnebago MSJ\Etc Surreply In Opp to MSJ 100318 bw.wpd